**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TIFFANY GRIGGS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )  Case No. CIV-06-1041-F |
| | ) |
| CHECK 'N GO OF OKLAHOMA, | ) |
| INC., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

"Defendant's Motion to Dismiss, or Alternatively, to Stay," filed November 10, 2006, is before the court.  (Doc. no. 10.)  The basis for the motion is that the claims alleged in this action are subject to mandatory arbitration.  Plaintiff has responded, stating that she agrees that the arbitration procedure is enforceable and that it applies to her claims.  Plaintiff expressly confesses defendant's motion to the extent that the motion seeks to compel arbitration, but she objects to dismissal of this action and moves the court to, instead, stay these proceedings pending completion of the arbitration.

Title 9 U.S.C. § 3 provides that "upon being satisfied that the issue involved...is referable to arbitration under...an agreement," the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement...."  The fact that these claims are subject to arbitration has been confessed, and the court is satisfied that the claims alleged in this action are subject to arbitration under the parties' written agreement.  Thus, the criteria of §3 are met, and the only issue is whether this action should be dismissed or stayed.

Although there appears to be a split in authority among the circuit courts as to whether a dismissal or a stay is proper when all claims are referred to arbitration as they are here, this court finds and concludes under <u>Adair Bus Sales, Inc. v. Blue Bird Corporation</u>, 25 F.3d 953, 955 (10th Cir.), and in light of the plain language of the statute, that the proper result of defendant's motion is a stay.  (In <u>Adair</u>, the Tenth Circuit referred to a district court's order of dismissal under §3 as a "procedural error."  *Id*. at 955.  The Court vacated the district court's order of dismissal and remanded the case for entry of a stay pending arbitration in accordance with 9 U.S.C. §3.  *Id*. at 955-56.)

Accordingly, defendant's motion is **GRANTED** to the extent that the motion requests a stay pending arbitration.  This action is hereby **STAYED** and will be administratively closed.  Within fifteen days of the entry of the arbitration award, the parties are **DIRECTED** to file a joint notice advising the court of that fact.  After receipt of that notice, this action will presumably be dismissed for lack of any claims remaining for adjudication; if, however, at that time, either party objects to the dismissal of this action, then that party shall so advise the court in a separate motion to reopen this action, stating the reasons for that party's objections to dismissal.  Any such motion is also due within fifteen days of the entry of the arbitration award.  If no motion to reopen is filed, this case will then be dismissed without further comment.

Dated this 29th day of November, 2006.

_____

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-1041p003(pub).wpd